# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| RANDALL NEAL HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY, et al.,<br><br>Defendants. | CV 217-004<br>CV 222-068 |

## ORDER

Before the Court is what appears to be Plaintiff's motion to reopen this case.[1] Defendant has responded in opposition, and the motion is ripe for review. For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this appeal of a Social Security benefits decision on January 13, 2017. Dkt. No. 1. Specifically, Plaintiff appealed the Administrative Law Judge's ("ALJ") decision to deny his application for supplemental security income. See Dkt. No. 8-2 at 10. In his complaint, Plaintiff requested the Court modify the ALJ's decision and grant Plaintiff monthly maximum insurance benefits, retroactive to the date of initial disability. Id. at 3. The

---

[1] The motion is Docket No. 17 in Case Number 2:17cv004 and Docket No. 25 in Case Number 2:22cv068. Docket references in this Order are to Case Number 2:17cv004 unless otherwise indicated.

Commissioner filed an answer to the complaint, dkt. no. 7, and both parties filed briefs, dkt. nos. 10, 11. The issue on appeal was whether the ALJ's "severity" determination regarding Plaintiff's medical impairments was supported by substantial evidence. Dkt. No. 12 at 4.

In a Report and Recommendation, the Magistrate Judge found that substantial evidence supported the ALJ's determination and that Plaintiff did not carry his burden to prove his impairments significantly limited his ability to do basic work activities. Id. at 9-10. The Magistrate Judge recommended that the Court affirm the Commissioner's decision to deny Plaintiff's application for supplemental security income. Id. at 10. Plaintiff moved for and was granted an extension of time within which to file objections to the Report and Recommendation, dkt. nos. 13, 14, but Plaintiff ultimately filed no objections. The Court adopted the Report and Recommendation and affirmed the ALJ's decision. Dkt. No. 15. Judgment was entered, and this case was closed on September 30, 2018. Dkt. No. 16.

On July 22, 2022, Plaintiff filed a new complaint, attempting to bring claims for disability insurance benefits and supplemental security income. Dkt. No. 1, Case No. 2:22cv068. The Commissioner moved to dismiss Plaintiff's complaint, arguing, *inter alia*, that Plaintiff failed to state a claim for which relief can be granted. Dkt. No. 9 at 2, Case No. 2:22cv068. The Commissioner also argued that, "to the extent

Plaintiff may be attempting to challenge the prior 2015 ALJ decision addressed in this Court's prior decision, the prior decision is final and binding as Plaintiff previously exhausted his administrative remedies, appealed the Commissioner's decision to this Court, and this Court affirmed the Commissioner's decision." Id.

The Court ordered Plaintiff to file a response to the Commissioner's motion to dismiss. Dkt. No. 10, Case No. 2:22cv068. Plaintiff failed to do so. In a Report and Recommendation, the Magistrate Judge advised that the Commissioner's motion to dismiss should be granted as unopposed and the case dismissed without prejudice for Plaintiff's failure to comply with the Court's Order. Dkt. No. 11, Case No. 2:22cv068. Plaintiff filed no objection to the Report and Recommendation. On October 3, 2023, the Court adopted the Report and Recommendation, granted the Commissioner's motion to dismiss as unopposed, and closed the case. Dkt. Nos. 12, 13, Case No. 2:22cv068.

**DISCUSSION**

Now, well over seven years since judgment was entered in his original case, Plaintiff has filed the current motion, dkt. no. 17, wherein he appears to take issue with his initial application for Social Security benefits in 2013, years before his Social Security appeal was filed. See Dkt. Nos. 22–24. Plaintiff states he applied for *not only* supplemental security

income but also disability insurance, but the record does not correctly represent this fact. Dkt. No. 17. Plaintiff contends this "misrepresentation" is to blame for the delay in the Social Security Administrations' processing of his disability claim. See id. Plaintiff states: "[T]he nature of this misrepresentation is so large that it has to be proven specifically to the court of law for the facts to be acknowledged and proof presented and filed with the court into the record . . . [s]o that it will be in the correct form that relief can be granted." Id.

It is unclear from Plaintiff's motion what relief, if any, he seeks from the Court. Plaintiff's issue appears to be with the Social Security Administration's application process, a process which took place well before Plaintiff's appeal came before the Court. However, to the extent Plaintiff requests the Court reopen this matter, his motion must be **DENIED**. First, Plaintiff offers no legal authority to support the reopening of his case, which was adjudicated on the merits in September 2018. Dkt. No. 16. Moreover, even if such authority existed, reopening the case would be futile. The record before the Court reflects only that Plaintiff filed an application for supplemental security income, not for disability insurance. Dkt. No. 8-2 at 10. Therefore, the Court cannot review a Social Security benefits decision on Plaintiff's alleged application

for disability insurance when such a decision does not appear in the record.

**CONCLUSION**

To the extent Plaintiff requests relief from this Court in the form of reopening his case, his motion[2] is **DENIED.**

**SO ORDERED**, this 2 day of November, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

[2] The motion is Docket No. 17 in Case Number 2:17cv004 and Docket No. 25 in Case Number 2:22cv068.